Case 2:23-cv-00308   Document 32   Filed on 07/02/24 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
July 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TABARI S. STRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00308 |
| | § | |
| BYRAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO RETAIN CASE AND DISMISS CERTAIN CLAIMS**

Plaintiff Tabari S. Strong, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For purposes of screening, Plaintiff has stated a due process claim for injunctive relief in connection with his difficulty or inability to access his own money which has been deposited in his TDCJ inmate trust fund account. The undersigned will order service on TDCJ Correctional Institutions Division Director **Bobby Lumpkin** and TDCJ McConnell Unit Warden **Adrian Amonett.**[1] The undersigned further **RECOMMENDS** Plaintiff's claims for monetary damages against the defendants in their official capacities be **DISMISSED without prejudice** as barred by the Eleventh Amendment. Finally, the

---

[1] At this stage of the proceedings, it is unclear which defendant is the appropriate defendant to provide injunctive relief were Plaintiff to prevail in this action. Therefore, both Director Lumpkin and Warden Amonett are retained. Once it is determined who is the appropriate defendant, the other defendant will be dismissed.

1 / 15

undersigned recommends all of Plaintiff's remaining claims be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff filed this action *pro se* on November 20, 2023. (D.E. 1). On December 8, 2023, Plaintiff filed an application to proceed *in forma pauperis*. (D.E. 5). Plaintiff's inmate account statement indicated he had $17,832.58 in his inmate account. (D.E. 7). Therefore, the undersigned ordered Plaintiff to pay the filing fee (D.E. 7, D.E. 9) and eventually entered a memorandum and recommendation ("M&R") to dismiss for noncompliance. (D.E. 10). However, the undersigned later withdrew the M&R to dismiss based on Plaintiff's explanation he could not access the funds in his inmate account. (D.E. 13). The undersigned also ordered TDCJ to collect the filing fee from Plaintiff's inmate account and to send it to this Court. (D.E. 13, D.E. 17).

On May 7, 2024, the undersigned conducted a *Spears*[2] hearing where Plaintiff was given an opportunity to explain his claims. During the *Spears* hearing, the undersigned cautioned Plaintiff his claims against individual defendants for monetary damages were deficient and were subject to dismissal. Plaintiff was ordered to file an Amended Complaint and to plead his best case. (D.E. 22). The Court received Plaintiff's Amended Complaint on June 7, 2024. (D.E. 27). The following representations were made either in Plaintiff's Amended Complaint (D.E. 27) or at the *Spears* hearing.

In about August 2022, after the death of his father, Plaintiff received $22,000.00 from the settlement of his father's estate. The money was deposited into Plaintiff's inmate account. In October 2022, Plaintiff completed applicable inmate forms and requested the money be sent to his mother. (D.E. 28, pages 5-6, D.E. 27-1, page 7). He made that request on three TDCJ forms because the institutional forms for monetary transfers from inmate accounts did not provide for the transfer of funds of $10,000.00 or more. (D.E. 28, pages 7-8). According to Plaintiff, TDCJ officials only transferred $4,000.00 to Plaintiff's mother. Plaintiff alleges TDCJ officials maintain they processed Plaintiff's requests and transferred the money to Plaintiff's mother. However, according to Plaintiff, TDCJ officials told Plaintiff his mother returned the money to Plaintiff's account. Plaintiff alleges TDCJ's version of events is not true and his mother only received $4,000.00. (D.E. 28,

---

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  The purpose of a *Spears* hearing is to determine whether an inmate plaintiff should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). *Spears,* 766 F.2d at 181–82. The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.*  The prisoner's testimony at the hearing is a more elaborate form of response to questionnaires that courts submit to prisoners so that they may set out in greater detail the bases for their claims. *Id.*

pages 5-6). To be clear, Plaintiff does not allege any money is missing from his account, but rather that he cannot access the money or transfer the balance to his mother.

Plaintiff alleges he has tried to determine the cause of the problem but has been given the run-around. (D.E. 28, page 28). Plaintiff alleges the only applicable TDCJ policy regarding inmates transferring money from their inmate account is that the recipient has to be on the inmate's list of approved visitors. (D.E. 28, page 10). Plaintiff's mother is on his list of approved visitors. Plaintiff alleges he has followed the appropriate procedures and has attempted at least ten times to send the balance of his inmate account to his mother. (D.E. 27-1, page 12). Plaintiff alleges he has been unable to transfer his money to his mother for over a year and a half. (D.E. page 10).

In Plaintiff's Amended Complaint he names: (1) TDCJ Executive Director Bryan Collier; (2) TDCJ Correctional Institutions Division Director Bobby Lumpkin; (3) McConnell Unit Warden Adrian Amonett; (4) Assistant Warden Candice Flannel; (5) Assistant Warden Planeino Samaneago; (6) Assistant Warden FNU Holmes;[3] (7) Supervisor Janet Sallas, and (8) M. Thompson. (D.E. 27). Plaintiff names each of the defendants in his or her individual and official capacity. Plaintiff alleges Directors Collier and Lumpkin enforce a policy that allows their subordinates to deny Plaintiff access to his account. Plaintiff alleges the remaining McConnell Unit Warden and defendants were personally involved in the facts alleged by Plaintiff because he communicated with each of them and each of these defendants either ignored Plaintiff's request for assistance, gave

---

[3] Warden Holmes, Ms. Sallas, and M. Thomson are not listed in Plaintiff's Amended Complaint form (D.E. 27), however, they are listed in Plaintiff's "Attachments A, B & C" to his Amended Complaint. (D.E. 27-1).

him the run-around or were not truthful with Plaintiff about Plaintiff's inmate account. Ms. Sallas is alleged to be the McConnell Unit official who supervises matters related to inmate accounts. Plaintiff seeks to raise claims under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (D.E. 27-1, pages 2-6). Plaintiff seeks injunctive and compensatory damages including the immediate withdrawal of his funds and 18 million dollars.

### III.  LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the

improper conduct and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.  **DISCUSSION**

    A.  **Plaintiff's Due Process Claim -- Denial of Access to Funds in Plaintiff's Inmate Account**

Plaintiff has alleged he is the lawful owner of the funds in his inmate account and he has been denied access to these funds because of an unspecified TDCJ policy. The Fifth Circuit has found that inmates "have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of these funds." *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014) (citing *Rosin v. Thaler,* 417 F. App'x 432, 434 (5th Cir. 2011) (per curiam) (unpublished)); *see Eubanks v. McCotter,* 802 F.2d 790, 793 (5th Cir. 1986).

> The Fourteenth Amendment protects inmates from being deprived of their property without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 536-37, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L.Ed.2d 662 (1986). "We assume *arguendo* that inmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of these funds." *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014).

*Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018). Where prisoners are permitted to possess property, they have a protected interest in their property and § 1983 provides a remedy if prison officials deprive prisoners of this interest absent due process. *Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011). In the present case, Plaintiff alleges he is the owner of funds in his inmate account, he has followed the applicable TDCJ

policies to access and transfer the money in his inmate account, TDCJ officials refuse to allow Plaintiff to transfer or access the money in his inmate account, Plaintiff has no other way to access his own money because it is in the possession of TDCJ officials and he is a prisoner. Plaintiff has alleged sufficient facts to raise a plausible claim that he is being deprived of his interest in his property without due process. Therefore, the undersigned finds Plaintiff has stated a due process claim for injunctive relief in connection with the denial of Plaintiff the right to access his inmate account. It is unclear why Plaintiff is being denied access to his funds. It is further unclear whether a TDCJ-wide policy is implicated or if this dispute is a result of policy enforcement decisions made at the unit level. Therefore, the undersigned finds it is appropriate to retain and serve TDCJ Executive Director **Bryan Collier** and TDCJ McConnell Unit Warden **Adrian Amonett** as defendants in their official capacity for injunctive relief.

### B. Plaintiff's First, Fourth and Eighth Amendment Claims

Plaintiff alleges he is also seeking to bring claims under the First Amendment, the Fourth Amendment, and Eighth Amendment. The First Amendment provides that Congress shall make no law … abridging the freedom of speech . . .. U.S. Const., amend I. The First Amendment has been made applicable to the States through the Fourteenth Amendment. U.S. Const. amend. XIV. A prisoner retains those First Amendment rights that are not inconsistent with his or her status as a prisoner or with the legitimate penological interests of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). An abridgement of the right of free speech occurs when government engages in

unjustified interference with communication. *See Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment, therefore, "protects against government intrusion into areas where people have reasonable expectations of privacy." *United States v. Beverly*, 943 F.3d 225, 232 (5th Cir. 2019) (citing, inter alia, *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). "The Fourth Amendment ... requires that 'searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed.'" *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs." *Moore v. Carwell*, 168 F.3d 234, 236–37 (5th Cir. 1999) (citations omitted). However, the Fourth Amendment protects prisoners from searches and seizures that go beyond legitimate penological interests. *Id*. Searches of prisoners must be conducted in a manner that is reasonable under the facts and circumstances in which they are performed. *Thieleman v. Cty. of Aransas, Tex.*, No. 2:08-CV-78, 2010 WL 610651, at *5 (S.D. Tex. Feb. 17, 2010) (Collection of funds from inmate account under the PLRA to pay the inmate's filing fee did not violate the Fourth Amendment).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement,

ensure inmates receive adequate food, clothing, shelter, and medical care and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff's claims brought under the First, Fourth, and Eighth Amendment are subject to dismissal because Plaintiff has failed to allege sufficient facts to give rise to a reasonable inference that Plaintiff has any plausible claim under these Constitutional provisions. *Twombly*, 550 U.S. 544, 556 (2007). None of the defendants are in possession of Plaintiff's property. None of the defendants has taken any action or done anything to deprive Plaintiff of his property. The driving force of Plaintiff's inability to access his funds is the result of an unspecified TDCJ policy or institutional practices and not as the result of individual actions by any of the defendants. Plaintiff alleges the defendants lied to him about the reasons for the problems Plaintiff encountered accessing his inmate account or that they gave Plaintiff the "run around." Even if these allegations are true, those facts are insufficient to raise a viable claim. Further, Plaintiff's claims of a conspiracy between the defendants to deprive him of the funds in his inmate account are entirely conclusory. As alleged by Plaintiff, the facts of this case simply do not implicate the First, Fourth, or Eighth Amendment. While the reasons for Plaintiff being denied access to his funds are unclear, it is likely the result of the application or interpretation of a TDCJ policy or regulation. Whether the application of those policies or practices has resulted in a

10 / 15

violation of Plaintiff's due process rights is the subject of Plaintiff's retained claim for injunctive relief.

      **C.    Eleventh Amendment Immunity and Official Capacity**

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues any defendant in his official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED** without prejudice.[4]

---

[4]Claims implicating the Eleventh Amendment are dismissed without prejudice because the Eleventh Amendment deprives the Court of subject matter jurisdiction. *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 450 (5th Cir. 2022) (observing that "the Eleventh Amendment generally deprives federal courts of jurisdiction" over certain suits); *United States v. Texas Tech Univ*., 171 F.3d 279, 285 n.9 (5th Cir.

### D.     Other Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)).  *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to pro se litigants while at the same time requiring compliance with applicable pleading and screening standards.  To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified, understood, or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a

---

1999) ("While the Supreme Court has left this question open, [the Fifth Circuit] has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction.")

reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff has alleged he has been wrongfully denied access to funds in his inmate account. The undersigned has characterized this as a well stated due process claim for injunctive relief. While Plaintiff has identified other constitutional provisions, he has not articulated any factual or legal basis for these claims. Therefore, the undersigned recommends these threadbare and unexplained claims be **DISMISSED without prejudice**.

Plaintiff is further advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## V.   RECOMMENDATION

For purposes of screening, the undersigned **RECOMMENDS** Plaintiff has alleged a due process claim for injunctive relief in connection with his difficulty or inability to access his own money which has been deposited in his TDCJ inmate trust fund account against Director Lumpkin and McConnell Unit Warden Amonett. The undersigned further **RECOMMENDS** Plaintiff's claims for monetary damages against the defendants in their official capacities be **DISMISSED without prejudice** as barred by the Eleventh Amendment. Finally, the undersigned **RECOMMENDS** Plaintiff's remaining claims be

**DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted on July 2, 2024.

Jason B. Libby  
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).